MATTER OF Soo Hoo

In Visa Petition Proceedings

A-13881251

*Decided by Board April 22, 1965*

Beneficiary's adoption in China by petitioner in 1938 when the former was 12 years old and the latter was 27 years old does not constitute a valid adoption in accordance with Article 1073 of the Chinese Civil Code which provides that the adopter must be at least 20 years older than the person to be adopted.

The case comes forward on appeal from the order of the District Director, New York District, dated January 22, 1965 denying the visa petition for the reason that it has not been established that the adoption of the benficiary was effected in writing in accordance with Article 1079 of the Chinese Civil Code; the mere statement by the petitioner that an adoption certificate has been obtained and lost is merely self-serving and does not overcome the burden of proof resting upon the petitioner.

The petitioner, a native of China, a citizen of the United States by naturalization on June 17, 1963, 53 years old, female, seeks quota preference status under section 203(a)(4) of the Immigration and Nationality Act on behalf of her married adopted son, a native and citizen of China, 27 years old.

In a sworn statement before a Service officer on December 9, 1964 the petitioner testified that she adopted the beneficiary in 1938; that her husband was not present at the time of the adoption, having already returned to the United States, but that she obtained his permission before she went through with the adoption. She stated that just prior to the death of the beneficiary's natural mother she asked her to bring up her son, and signed a document giving the son to her. The son was about 12 years old at the time. However, she has stated that the adoption document was lost and that she has no documentary evidence of the adoption. The petitioner arrived in the United States in 1948 but has never previously mentioned the

151

existence of this adopted child who was 22 years old when she left for the United States in 1948. She stated that she and her husband had been contributing to the support of the beneficiary but did not have any check receipts and actually the money was sent to her sister in Hong Kong who changed the money and sent it to her son in the village on the mainland of China. She stated that she introduced the beneficiary as her adopted son to an affiant, Li Jin Chin Yee. In response to a number of leading questions by her attorney in which the answers were suggested and only an affirmative reply was needed, the petitioner indicated that she did not mention the existance of her adopted son in 1948 when she came to the United States because she feared complications, she was afraid she would be asked a lot of detailed questions regarding her adopted son, and was fearful that perhaps some misstatement as to some minor details concerning her son, such as when he was born and his physical description or anything of that nature might jeopardize her admission to the United States; that no purpose would be served by mentioning the adopted son in 1948 because there was no provision of law under which an adopted son could be brought to the United States; and that in 1963 when she was naturalized she first mentioned her adopted son.

The husband of the petitioner was questioned and disclosed that he first entered the United States in 1923 as the son of a citizen of the United States; that he was married September 15, 1937 to the petitioner; that he made a trip to China in 1937 and returned in 1938; that in 1938, after he returned to the United States, he consented by return mail to the request by his wife for permission to adopt the beneficiary; that she wrote that she had a document concerning the adoption signed by the beneficiary's blood mother.

In a subsequent affidavit the petitioner submitted a picture allegedly taken in 1948 showing a family group including the beneficiary, a letter written in 1961 addressed to "Pa and Ma" thanking them for remittance of $60 and $50, the second letter inclosing a photograph of the beneficiary and his family, giving the dates of the marriage, and the names and birth dates of his wife and their children. It is noted that the addressees in the letter are not identified by name.

In visa petition proceedings, the petitioner has the burden of establishing eligibility for the benefit sought under the immigration laws. This burden is the ordinary one applicable in civil matters, i.e., a preponderance of the evidence. Section 1079 of the Civil Code of the Republic of China provides that an adoption must be effected in writing, unless the person to be adopted has been brought up as a

child of the adopter since infancy. The term "infancy" has been construed to mean a child under seven years of age.[1]

The petitioner claims to have adopted the beneficiary in 1938 in China and to have had a written adoption document which she claims to have lost. There are no details furnished as to the nature of the written document. The only corroboration of such an adoption document was furnished by the husband, who stated that he was in the United States at the time of the adoption and that his wife wrote him that she had a document concerning the adoption signed by the boy's blood mother. The husband's knowledge is, of course, hearsay. There is no corroboration by any witnesses of a writing. The affiants have merely testified to the existence of an adoption relationship which may have commenced without a writing. No secondary evidence has been offered other than as indicated to establish that there was in existence a written adoption document.

In addition, Article 1073 of the Chinese Civil Code provides that the adopter must be at least 20 years older than the person to be adopted. The petitioner was born August 20, 1911 and the beneficiary was born July 22, 1926. At the time of the adoption in 1938, the petitioner would have been 27 years old and the beneficiary 12 years old. There was thus only a difference of 15 years between the ages of the petitioner and the alleged adopted son.

Upon consideration of the entire record it is concluded that the petitioner has not borne the burden of establishing eligibility on behalf of the beneficiary as her adopted son, in that there has not been established a valid adoption pursuant to Chinese law. The appeal will be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.

---

[1] *Matter of Lau*, Int. Dec. No. 1350.